OPINION
{¶ 1} Defendant-appellant Christopher Cruden appeals from a judgment and decree of divorce entered by the Montgomery County Court of Common Pleas, Domestic Relations Division. Cruden contends that the trial court erred by conducting a final hearing without notifying him of the date of the hearing. He further contends that the trial court abused its discretion by awarding judgment against him.
 {¶ 2} We conclude that, with regard to the terms of the judgment, Cruden waived all but plain error by failing to file objections to the magistrate's decision. However, we find that plain error does exist with regard to a $55,000 monetary judgment awarded against Cruden, because the record does not support a conclusion that this is appropriate as a division of currently existing debts incurred during the marriage, and the record neither supports, nor contains appropriate findings, for a distributive award in that amount.
 {¶ 3} With regard to the issue of Cruden's claimed lack of notice, we conclude that the record before us does not support Cruden's claim that he did not have notice of the hearing.
 {¶ 4} That part of the judgment of the trial court awarding plaintiff-appellee Shawnee Klein a monetary judgment in the amount of $55,000 is reversed, the judgment is affirmed in all other respects, and this cause is remanded for further proceedings consistent with this opinion.
 I {¶ 5} Plaintiff-appellee Shawnee Klein (formerly Cruden) filed a complaint for divorce against Cruden in January, 2003. Several attempts to serve Cruden at a residence located on Bascule Bride Drive address failed. Cruden was subsequently served successfully at an address located on Kingsridge Drive. In March, 2003, Cruden filed his affidavit of financial disclosure which indicated that he resided on Kingsridge Drive. No attorney entered an appearance on his behalf. The following day, an order scheduling a final hearing was filed, which listed the Bascule Bride Drive address as Cruden's address.
 {¶ 6} A final hearing was conducted before a magistrate on May 7, 2003. Cruden did not appear. The magistrate's decision was filed on May 13, 2003. Of relevance to this appeal, the decision awarded Klein a money judgment against Cruden in the amount of $55,000. This amount represents monies expended by Klein in refinancing a mortgage on her non-marital residence in order to pay debts incurred by Cruden. This award was made in the part of the final judgment headed "Debts and Marital Obligations."
 {¶ 7} The decision was adopted by the trial court and was mailed to the parties. The certification of notice on the decision indicates that it was mailed to Cruden at the Kingsridge Drive address.
 {¶ 8} Cruden did not file any objections to the magistrate's decision. However, Cruden retained counsel, who brought this appeal.
 II {¶ 9} Cruden's Second Assignment of Error states as follows:
 {¶ 10} "Whether the trial court erred in granting a final judgment and decree of divorce and awarding a judgment to one party for expenses incurred during the marriage and for failing to determine the equitable date of the determination of the marriage."
 {¶ 11} In this assignment of error, Cruden's argument centers on his contention that the trial court abused its discretion by awarding a judgment of $55,000 against him. Specifically, he contends that the trial court did not comply with R.C.3105.171(G), because it failed to set forth the specific date it used in determining the duration of the marriage. He also contends that the trial court failed to make adequate findings of fact supporting its decision.
 {¶ 12} As previously noted, Cruden failed to file objections to the decision of the magistrate despite the fact that the decision appears to have been mailed to the appropriate address.[1] This failure waives all but plain error. In reHarper, Montgomery App. No. 19948, 2003-Ohio-6666, ¶ 2. "Plain error is applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." In re McLemore, Franklin App. Nos. 03AP-714 and 03AP-730, 2004-Ohio-680, ¶ 11, citations omitted.
 {¶ 13} We have reviewed the decision of the trial court, the pleadings, and the transcript of the final hearing. We note that the decision sets forth the date of the marriage, and states that the parties separated on November 1, 2001. The decision clearly uses that date as the relevant date for determining the parties' obligations to each other. Additionally, the decision notes that Klein incurred debts, in the form of mortgage indebtedness, solely to assist Cruden with his personal debt.
 {¶ 14} It is not clear from the record what portion, if any, of Cruden's personal debts that were repaid with Klein's help was incurred during the marriage, and what portion was incurred prior to the marriage. It is equally unclear whether the mortgage indebtedness, or any part thereof, incurred by Klein existed at the time of the final hearing. Therefore, we cannot say that the entire award of $55,000 to Klein represents a division of debt currently owed at the time of the final hearing, which would be a proper provision in a divorce decree.
 {¶ 15} It appears that the trial court may have intended to make a distributive award to Klein in order to compensate her for the indebtedness she incurred for Cruden's benefit.[2] A "distributive award" is defined in R.C. 3105.171 as "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code." "It is an award from separate property made in order to achieve equity, (1) to compensate a party for the financial misconduct of the other party; (2) to provide relief where it is impractical or burdensome to reach an equitable division comprised of marital property alone; or (3) to effectuate, facilitate, or supplement the disbursement of marital property." Sowald, Morganstern, Domestic Relations Law (4th Ed. 2002) 578-579, Section 12:5.
 {¶ 16} Before ordering a distributive award, however, the trial court is required to consider the nine factors set out in R.C. 3105.171(F) * * *. Stewart v. Stewart (Apr. 17, 1998), Montgomery App. No. 16769, citation omitted. In this case, there is no indication that the trial court considered the statutory requirements of R.C. 3105.171(F). Furthermore, we cannot conclude from this record whether a distributive award is appropriate.
 {¶ 17} Therefore, we conclude that the trial court's award of a money judgment in the amount of $55,000 to Klein constitutes plain error. Accordingly, Cruden's Second Assignment of Error is sustained.
 III {¶ 18} Cruden's First Assignment of Error is as follows:
 {¶ 19} "Whether the trial court erred in granting a final judgment and decree of divorce when one party did not receive notice of the trial date."
 {¶ 20} Cruden contends that the trial court erred by conducting a final hearing and entering judgment in this case. In support, he claims that the trial court did not provide him with appropriate notice of the final hearing.
 {¶ 21} Civ.R. 75(L) provides:
 {¶ 22} "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."
 {¶ 23} This notice requirement is designed to provide an unrepresented party the opportunity to appear at the final hearing should he so choose. Somerset v. Somerset (Mar. 22, 1995), Montgomery App. No. 14419.
 {¶ 24} Because Cruden was unrepresented by counsel, the trial court was required to provide him with notice of the trial. From the record, it appears that the actual notice of the hearing date was mailed to the Bascule Bride Drive address, rather than to Kingsridge Drive.
 {¶ 25} Other than Cruden's conclusory allegation in his appellate brief, there is nothing in this record to support his claim that he did not receive notice of the date of the hearing, either from the forwarding of the mail sent to the Bascule Bride Drive, or from some other source. If, indeed, Cruden had not received notice of the hearing and wished to contest the judgment, he could have filed a motion in the trial court for relief from judgment, pursuant to Civ.R. 60(B), presenting the trial court with his evidence that he did not, in fact, receive notice of the date of the hearing. This would have created an evidentiary record of Cruden's lack of notice of the hearing upon which the trial court, in the first instance, or this court, through an appeal from an order denying relief, could grant Cruden appropriate relief.
 {¶ 26} Cruden failed to file a motion for relief from judgment, setting forth his claim that he lacked notice of the hearing before the magistrate; he failed to object to the magistrate's report; and he failed in any other manner to assert his claim of lack of notice in the trial court. Therefore, we conclude that this record fails to establish Cruden's claimed lack of notice.
 {¶ 27} Regardless whether Cruden actually received notice of the hearing, the issue has been rendered moot by our holding in Part II, above. Accordingly, Cruden's First Assignment of Error is overruled.
 IV {¶ 28} Cruden's second assignment of error having been sustained, and his first assignment of error having been overruled, that part of the judgment of the trial court awarding Klein a money judgment in the amount of $55,000 is reversed, the judgment and decree of divorce is affirmed in all other respects, and this cause is remanded for further proceedings consistent with this opinion.
Grady and Young, JJ., concur.
[1] Cruden does not argue that he was not provided adequate notice of the magistrate's decision.
[2] It is clear that the trial court did not intend for the $55,000 to be awarded as spousal support, since the decision specifically states that neither party is entitled to an award of spousal support.