OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Craig S. Zink, filed June 21, 2006. Mr. Zink and Valerie D. Zink were married on September 23, 1995, and on November 12, 1998, Mrs. Zink filed for divorce. The parties have one child, Kreig S. Zink, who was born January 25, 1996. The parties' divorce became final on April 8, 1999, after an uncontested divorce hearing. [D1] *Page 2 
The Zinks entered into a shared parenting plan that provided that Mr. Zink would provide child support in the amount of $124.17 per week, plus an administrative fee.
 {¶ 2} On March 6, 2006, the Champaign County Child Support Enforcement Agency ("CSEA") sent a notice of Administrative Modification Findings and Recommendations to the Zinks, following a review of the support amount pursuant to R.C. 3119.60 — 3119.63. The Agency recommended that Mr. Zink's child support obligation "be revised to 707.53 per month" plus the administrative fee.
 {¶ 3} On March 14, 2006, Mr. Zink completed a request for an administrative hearing, providing the following as the reason for the request: "Kreig's mother I have agreed to a mutual amount of support, not what is suggested in this order. We have agreed to keep the amount of support the same as it exists currently. We have agreed to the same amount until Kreig reaches the age of majority."
 {¶ 4} On May 26, 2006, the trial court adopted the CSEA recommendation and issued a finding that "An administrative review of the child support in this case was requested by the Obligee. The child support order amount has been calculated according to the child support guidelines using the financial information submitted by both parties. The calculations have been sent to both parties. The Obligee, Valerie D. Zink, returned her consent form stating that she did agree with the guidelines. The Obligor, Craig Steven Zink, returned his consent form stating that he did not agree with the guideline calculations. A Motion for Hearing was sent to the Obligee on March 24, 2006 and has not been returned to the CSEA.
 {¶ 5} "According to the Ohio Administrative Code 5101:12-60-05.4(2) and 05.6 the requesting party may not dismiss the request for an administrative review on or after the date that the *Page 3 
CSEA completes the guideline calculations. When no party timely objects to the administrative adjustment recommendation or administrative adjustment hearing decision, the CSEA shall, within five days, thereafter submit the recommendation to the Court for inclusion in a judicial order or issue an administrative support order incorporating the recommendation in an administrative order." The Journal Entry went on to direct Mr. Zink to pay child support in the amount of $721.68 per month, inclusive of the administrative fee, and provided that such amount be deducted from Mr. Zink's income or assets. It is from the May 26, 2006 Journal Entry that Mr. Zink appeals, asserting three assignments of error, as follows, which we will address together.
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADOPTING THE CHILD SUPPORT ENFORCEMENT AGENCY ADMINISTRATIVE MODIFICATION FINDINGS AND RECOMMENDATION WITHOUT ENSURING THE CHILD SUPPORT ENFORCEMENT AGENCY COMPLIED WITH THE STATUTORY PROCEDURES."
 {¶ 7} And, "THE COURT'S ADOPTION OF THE ADMINISTRATIVE RECOMMENDATIONS IN IT'S [sic] JOURNAL ENTRY DEPRIVES THE APPELLANT OF HIS PROCEDURAL DUE PROCESS RIGHTS."
 {¶ 8} And, "THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE ADMINISTRATIVE RECOMMENDATION."
 {¶ 9} We initially note that Mrs. Zink did not file a brief.
 {¶ 10} "An administrative review may be initiated by either party to the support order every thirty six months from the date of the most recent support order." O.A.C. 5101:12-60-05.1(D). If a child support agency plans to review a child support order, it must establish "a date certain on which the review will formally begin," send notice to the parties of the planned review and the date upon *Page 4 
which it will commence, and request financial information and other information necessary to complete the review. R.C. 3119.60. "The requesting party may not dismiss the request for an administrative review on or after the date certain." OAC 5101:12-60-05.4(A)(2).
 {¶ 11} "Within five days of the date certain, the CSEA shall incorporate its findings and conclusions in an administrative review recommendation and send the administrative review recommendation to each party by regular mail." O.A.C. 5101:12-60-05.4(C). The CSEA must include in the notice each party's right to request an administrative adjustment hearing within 14 days of receipt of the administrative review recommendation. O.A.C. 5101:12-60-05.5. "The administrative review recommendation is considered to have been received by the parties three business days after its issuance." O.A.C. 5101:12-60-05.5(B). "When no party timely objects to the administrative adjustment recommendation * * * the CSEA shall, within five days, submit the recommendation to the court for inclusion in a judicial order * * * ." O.A.C. 5101:12-60-05.4 (D).
 {¶ 12} "If the obligor * * * timely requests an administrative hearing on the revised child support amount, [the CSEA shall] schedule a hearing on the issue, give the obligor and obligee notice of the date, time and location of the hearing, conduct the hearing in accordance with the rules adopted under section 3119.76 of the Revised Code, redetermine at the hearing a revised amount of child support to be paid under the court child support order, and give notice to the obligor and obligee of the revised amount of child support to the court for inclusion in a revised court child support order, if neither the obligor nor the obligee requests a court hearing on the revised amount of child support." R.C.3119.63. "The CSEA shall schedule the administrative adjustment hearing for a date no later than fifteen days after receiving the request." O.A.C. 5101:12-60-05.6(C). Within 10 days of the administrative hearing, the CSEA must issue a decision and provide notice to the parties *Page 5 
that they may "file for a court hearing within fifteen days of the issuance of the administrative adjustment hearing decision." O.A.C. 5101:12-60-05.6(K), (L).
 {¶ 13} "The CSEA may deny the request for an administrative adjustment hearing for the following reasons:
 {¶ 14} "(1) The request for an administrative adjustment hearing was not made by one of the parties or one of a party's authorized representative;
 {¶ 15} "(2) The stated reason for requesting the hearing is unrelated to the administrative adjustment recommendation; or
 {¶ 16} "(3) The request is untimely." O.A.C. 5101:12-60-05.6 (H).
 {¶ 17} "If an administrative adjustment hearing request is denied, the CSEA shall send notification denying the administrative adjustment hearing to each party by regular mail. The notification denying the administrative adjustment hearing shall indicate the reason(s) for the denial." O.A.C. 5101:12-60-05.6 (I).
 {¶ 18} "Questions of law require de novo review on appeal."Westbrock v. W. Ohio Health Care Corp. (2000), 137 Ohio App.3d 304,311,738 N.E.2d 799.
 {¶ 19} Child support decisions are reviewed for abuse of discretion.In re Custody of Harris, 168 Ohio App.3d 1, 857 N.E.2d 1235,2006-Ohio-3649. "[T]his means that the trial court's attitude was arbitrary, unreasonable, or unconscionable." Id.
 {¶ 20} "The United States Supreme Court has held that `[t]he fundamental requisite of due process of law is the opportunity to be heard. (Internal citations omitted). The court has also held that: `An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the *Page 6 
action and afford them an opportunity to present their objections. (Internal citations omitted).
 {¶ 21} "Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee `a reasonable opportunity to be heard after a reasonable notice of such hearing.'"Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hospital Assoc.
(1986), 28 Ohio St.3d 118, 502 N.E.2d 599, 28 O.B.R. 216.
 {¶ 22} The administrative review recommendation was received by Mr. Zink by March 9, 2006, and Mr. Zink's request for an administrative hearing was due by March 23, 2006. Mr. Zink timely completed his request for a hearing on March 14, 2006. The CSEA did not schedule a hearing, provide the parties with notice of its date, time and location, or conduct a hearing to redetermine the amount of child support. The CSEA also did not notify Mr. Zink that his request for a hearing was denied and indicate the reason(s) for the denial. The trial court then adopted the CSEA's recommendation, despite the agency's failure to comply with the statutory scheme outlined above. Accordingly, Mr. Zink was denied due process, and the trial court abused its discretion in adopting the recommendation when the CSEA failed to follow statutory mandates. Mr. Zink's assignments of error are sustained, and the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
. . . . . . . . . .
 WOLFF, P.J. and FAIN, J., concur. *Page 1