OPINION *Page 2 
{¶ 1} Sonya Vertrees appeals from a judgment and decree of divorce. Ms. Vertrees contends that the trial court erred by crediting the sum of $52,750 as the separate property of her husband. She further contends that the trial court erred by ordering her to pay a distributive award to Mr. Vertrees. Further, Ms. Vertrees claims that the trial court abused its discretion with regard to the amount of spousal support awarded to her.
 {¶ 2} We conclude that, based upon this record, there is no basis for a distributive award of property. We further conclude that even if the trial court did err with regard to the calculation of the amount of non-marital or separate property to be credited to the parties, the error would not be prejudicial to Ms. Vertrees. Finally, we find no abuse of discretion with regard to the award of spousal support.
 {¶ 3} That part of the judgment of the trial court ordering a distributive award is Reversed and Vacated. In all other respects, the judgment of the trial court is Affirmed. *Page 3 
 {¶ 4} Sonya and Donald Vertrees were married in 1993. Ms. Vertrees filed a complaint for divorce in December 2004. Following a hearing, a decree of divorce was entered on April 7, 2006. Of relevance to this appeal, the trial court determined that Mr. Vertrees had demonstrated that $52,750 of his separate, non-marital property had been commingled with marital property. The trial court awarded $222,631.11 of marital assets to Ms. Vertrees and $211,179.97 of the marital assets to Mr. Vertrees. The trial court decided to award Mr. Vertrees a distributive award of $5,725.57 in order to equalize the division of the marital property. Finally, the trial court awarded spousal support to Ms. Vertrees in the amount of one hundred dollars per month for a period of two years. The trial court retained jurisdiction over the issue of spousal support.
 {¶ 5} From this judgment, Ms. Vertrees appeals.
 II {¶ 6} Ms. Vertrees' Second Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ORDERED MS. VERTREES TO PAY A DISTRIBUTIVE AWARD TO MR. VERTREES, AS THE COURT SPECIFICALLY FOUND THAT MS. VERTREES BROUGHT INTO THE MARRIAGE $16,000 MORE IN PERSONAL PROPERTY THAN HAD MR. VERTREES, AND THAT AFTER THE COURT DISTRIBUTED ALL MARITAL PROPERTY MS. VERTREES WAS ONLY GIVEN $11,451.14 MORE IN MARITAL PROPERTY, LEAVING HER SHY CLOSE TO $5,000 DOLLARS, AND THEREFORE NOT GIVEN FULL CREDIT FOR HER SEPARATE PROPERTY AS FOUND BY THE TRIAL COURT."
 {¶ 8} Ms. Vertrees contends that the trial court abused its discretion by making a *Page 4 
distributive award of $5,725.57 to Mr. Vertrees.
 {¶ 9} "A `distributive award' is defined as `any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code.'" R.C. 3105.171(A)(1). "It is an award from separate property made in order to achieve equity, (1) to compensate a party for the financial misconduct of the other party; (2) to provide relief where it is impractical or burdensome to reach an equitable division comprised of marital property alone; or (3) to effectuate, facilitate, or supplement the disbursement of marital property." Klein v. Cruden, Montgomery App. No 19952, 2004-Ohio-1479, ¶ 15, quoting Sowald, Morganstern, Domestic Relations Law (4th Ed. 2002) 578-579, Section 12:5. A trial court's decision regarding the issue of distributive awards will not be overturned absent an abuse of discretion. Pressler v.Pressler, Butler App. No. CA 2004-03-068, ¶ 23.
 {¶ 10} The trial court, in discussing its decision to make a distributive award, noted that it was doing so in order to "achieve equity between the parties." The trial court then noted its finding that Ms. Vertrees had contributed $16,050 more in non-marital assets to the marriage than had Mr. Vertrees. The trial court also made mention of the fact that Mr. Vertrees had withdrawn monies from a marital account in direct contravention of a prior court order. The trial court then noted that it awarded Ms. Vertrees $222,631.11 in marital assets while awarding $211,179.97 in marital assets to Mr. Vertrees; a difference of $11,451.14. The trial court stated that based on a "totality of the credible evidence, that in order to achieve equity between the parties, it will be *Page 5 
necessary for Ms. Vertrees to pay Mr. Vertrees one-half of the difference in their net [marital] property award which is $5,725.57." The court further found that Ms. Vertrees has access to monies with which to pay the distributive award.
 {¶ 11} Ms. Vertrees contends that this was error. In support, she notes that the trial court found that she should be given credit for $68,800 in separate property that she brought into the marriage and that Mr. Vertrees should be given credit for only $52,750 in separate property brought to the marriage. Thus, she argues that "with the court's giving credit for separate property, and with the court finding that Ms. Vertrees went into the marriage with $16,050 more than Mr. Vertrees, the court doesn't achieve equity unless appellant Ms. Vertrees is given full credit for her separate property and is given at least $16,050 more in marital assets, as all assets were commingled marital assets."
 {¶ 12} From our review of the decree, it appears that the trial court intended an equal division of the parties' marital assets, with an eye toward fully crediting them with the amounts of non-marital property that they had brought into the marriage. Ms. Vertrees should have, by the trial court's own calculations, been given credit for the $16,050 more than Mr. Vertrees in separate, non-marital assets that were commingled with marital assets. Thus, in order to equally divide the marital estate, she should have been awarded $16,050 more in assets than Mr. Vertrees. However, she was only awarded $11,451.14 more in assets. In attempting to equalize the award, the trial court then ordered Ms. Vertrees to pay a distributive award to Mr. Vertrees. We conclude that the trial court erred in its calculations, or made a mistake in the judgment entry, in this regard.
 {¶ 13} Even if this were not a mistake, we conclude that the distributive award to *Page 6 
Mr. Vertrees is an abuse of discretion given the facts of this case. Given that Ms. Vertrees was given credit for more separate assets that ultimately were commingled with marital assets, that could furnish an equitable basis for awarding her more of the marital property. The property distribution is in our view, while not exactly equal, equitable. Therefore, there is no basis for making a distributive award.
 {¶ 14} The Second Assignment of Error is sustained.
 III {¶ 15} Ms. Vertrees First Assignment of Error states as follows:
 {¶ 16} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THAT MR. VERTREES HAD PROVEN AND WAS GIVEN CREDIT FOR $52,750 OF SEPARATE PROPERTY, AS THAT PROPERTY WAS COMMINGLED INTO MARITAL PROPERTY AND WAS NEVER SHOWN TO BE TRACED TO CURRENT FUNDS OR ANY CURRENT MARITAL PROPERTY."
 {¶ 17} Ms. Vertrees contends that the trial court abused its discretion when it found that Mr. Vertrees had sufficiently demonstrated that a total of $52,750 of the parties' marital assets could be traced to Mr. Vertrees' separate non-marital property. She argues that there was no evidence presented tracing these monies into any marital property.
 {¶ 18} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "The party seeking to have a particular asset classified as separate property has the burden of proof, by a *Page 7 
preponderance of the evidence, to trace the asset to separate property."Peck v. Peck (1994), 96 Ohio App.3d 731, 734. "Oral testimony as evidence, without corroboration, may or may not satisfy the burden."Maloney v. Maloney, 160 Ohio App. 3d 209, 218-219, 2005-Ohio-1368, ¶ 23, citing Fisher v. Fisher (Dec. 23, 2004), Montgomery App. No. 20398. "Because traceability presents a question of fact, we must give deference to the trial court's findings, and the court's decision on the matter will not be reversed as against the manifest weight of the evidence when it is supported by competent, credible evidence." Id.
 {¶ 19} In this case, the only testimony regarding the subject separate property came in the form of Mr. Vertrees's testimony, wherein he merely indicated that he had inherited the sum of $35,750 upon the death of his father. He further testified that he brought another $17,000 into the marriage to Ms. Vertrees. According to Mr. Vertrees, these sums were commingled with other marital assets. No documentary evidence was submitted relating to these monies.
 {¶ 20} Ordinarily, we would not deem this testimony, alone, sufficient to support a claim for separate property. However, we note that Ms. Vertrees admitted, on cross-examination, that Mr. Vertrees's testimony regarding these funds was true, and that he did bring these monies into the marriage. She also admitted that Mr. Vertrees shared these monies with her "just like the money [she] brought to the marriage." Further, Ms. Vertrees was given credit for $68,800 in non-marital, separate property when she was able to trace only $44,000 of that amount. Thus, she was credited with an additional $24,000 in property that was not traceable. She also admitted that if the trial court gave her credit for all of her non-marital commingled assets, a large portion of which she *Page 8 
could not trace, it should also give consideration to the amount brought into the marriage by Mr. Vertrees. Thus, we cannot say that the trial court abused its discretion by determining that Mr. Vertrees should be credited with $52,750 as his separate property that had been commingled with marital property. Moreover, we note that Ms. Vertrees was awarded more of the marital assets than was Mr. Vertrees. Therefore, even if the trial court erred in considering the untraced assets, we conclude that this error was not prejudicial to Ms. Vertrees.
 {¶ 21} Accordingly, Ms. Vertrees's First Assignment of Error is overruled.
 IV {¶ 22} The Third Assignment of Error is as follows:
 {¶ 23} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ORDERED SPOUSAL SUPPORT FOR MS. VERTREES IN THE AMOUNT OF $100 PER MONTH FOR TWO YEARS, AS THE MARRIAGE WAS OF LONG DURATION, THERE IS GREAT HEALTH DISPARITY, AND THERE IS GREAT DISPARITY IN GROSS EARNINGS REQUIRING A GREATER AMOUNT OF SUPPORT."
 {¶ 24} Ms. Vertrees contends that the trial court abused its discretion with regard to the award of spousal support. In support, she argues that the evidence shows that the marriage was of a long duration, that she has significant medical problems, and that her yearly retirement income is $8,700 less than Mr. Vertrees' retirement income.
 {¶ 25} R.C. 3105.18 governs spousal support. That statute requires that a court consider a number of factors "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and *Page 9 
duration of spousal support * * *." R.C. 3105.18(C)(1). Those factors include the parties' retirement benefits, ages, physical condition, and standard of living as well as the duration of the marriage. Upon evaluation of the evidence regarding the relevant factors, the court must balance one party's need for support against the other party's ability to pay. Focke v. Focke (1992), 83 Ohio App.3d 552, 559. A "trial court enjoys wide latitude in awarding spousal support and its decisions are reversible only for an abuse of discretion." Layne v. Layne (1992),83 Ohio App.3d 559, 562.
 {¶ 26} In this case, the trial court noted that Mr. Vertrees has an annual retirement income of $28,200 while Ms. Vertrees has an annual retirement income of $19,500. The trial court also noted that Ms. Vertrees is six years older than Mr. Vertrees and has "significant health issues." The trial court further stated that Ms. Vertrees "did not specify exactly how much [spousal support] she was requesting or how long she was requesting it for," and that she failed to provide "sufficient evidence to establish her reasonably anticipated living expenses." Mr. Vertrees, however, established that he had monthly expenses of $1,554.87. Based upon the foregoing, the trial court decided to award spousal support to Ms. Vertrees in the sum of one hundred dollars per month for two years.
 {¶ 27} We conclude that the trial court's findings of fact in this regard are supported by the record. We further note that there is no evidence to indicate that Ms. Vertrees could not meet her monthly expenses based solely upon her own retirement income, let alone with the addition of monthly support payments. While the amount of support awarded may be minimal, we cannot say that the trial court abused its discretion with regard to its decision on support. *Page 10 
 {¶ 28} The Third Assignment of Error is overruled.
 V {¶ 29} The Second Assignment of Error having been sustained, and the other assignments of error having been overruled, that part of the judgment of the trial court ordering a distributive award in the amount of $5,725.57 from Ms. Vertrees's separate, non-marital assets is Reversed and Vacated, and the judgment is Affirmed in all other respects.
 WOLFF, P.J. and DONOVAN, J., concur. *Page 1