[Cite as *Shell v. Higgins*, 2017-Ohio-8186.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| ABBIE M. SHELL | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 16-DIV-527 |
| | : | |
| DUSTIN M. HIGGINS | : | (Domestic Relations Appeal) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of October, 2017.

. . . . . . . . . . .

KYLE J. LENNEN, Atty. Reg. No. 0085726, 120 West Second Street, Suite 2150, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

RICHARD P. ARTHUR, Atty. Reg. No. 0033580, 1634 South Smithville Road, Dayton, Ohio 45410
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Dustin M. Higgins, appeals from a final judgment and decree of divorce issued by the Darke County Court of Common Pleas, Division of Domestic Relations. In support of his appeal, Higgins contends that he was not afforded due process during the divorce proceedings because the trial court failed to provide him with reasonable notice of the final divorce hearing, which Higgins did not attend. Because the record indicates that notice was never mailed to Higgins's last known address as required by Civ.R. 75(L), the judgment of the trial court will be reversed and the matter will be remanded for a new hearing.

**Facts and Course of Proceedings**

{¶ 2} On September 26, 2016, Higgins's wife, Abbie M. Shell, filed a complaint for divorce against Higgins. Shell instructed the trial court to serve the complaint and summons by certified mail to Higgins at 321 Bissell Avenue, Oil City, Pennsylvania, 16301. On October 17, 2016, the complaint and summons were returned as "unclaimed" and "unable to forward."

{¶ 3} Since service of the complaint and summons failed, on October 21, 2017, Shell once again instructed the trial court to serve the complaint and summons by certified mail to Higgins at the Bissell Avenue address. On December 13, 2016, the trial court received notice that service at that address had failed again, as the complaint and summons were returned as "not deliverable as addressed" and "unable to forward."

{¶ 4} Following the two failed attempts at serving Higgins, on December 14, 2016, the trial court issued a written notice advising the parties that a pretrial hearing would be

held on January 5, 2017. In an effort to serve Higgins with the hearing notice, the trial court sent the notice to the Bissell Avenue address by regular mail. Higgins did not attend the pretrial hearing.

{¶ 5} After the pretrial hearing, on January 5, 2017, the trial court issued a written notice advising the parties that a final divorce hearing would be held on March 14, 2017. Once again, in an effort to serve Higgins with the hearing notice, the trial court sent the notice to the Bissell Avenue address by regular mail.

{¶ 6} A month after the hearing notice was issued, Shell instructed the trial court to serve the complaint and summons by certified mail to Higgins at 10340 Milton Potsdam Road, West Milton, Ohio, 45383. On February 15, 2017, the trial court received a certified mailer signed by Higgins showing that service of the complaint and summons was perfected at that address on February 13, 2017.

{¶ 7} The summons served on Higgins advised that he was required to serve Shell with an answer to the divorce complaint within 28 days, and that failing to do so would result in a default judgment being taken against him. Higgins never filed an answer and never made an appearance during the divorce proceedings. As a result, the final divorce hearing proceeded as scheduled on March 14, 2017, without Higgins in attendance.

{¶ 8} A month after the final hearing, on April 17, 2017, the trial court issued a final judgment and decree of divorce based on the information provided by Shell. It is from that judgment Higgins now appeals, raising a single assignment of error for our review.

**Assignment of Error**

{¶ 9} As his sole assignment of error, Higgins claims that he was not afforded due

process during the divorce proceedings because he never received notice of the final divorce hearing on March 14, 2017. We agree.

{¶ 10} Due process of law is guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Due process requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Association*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986); *Zink v. Zink*, 2d Dist. Champaign No. 2006 CA 22, 2007-Ohio-790, ¶ 21. "The issue of what constitutes reasonable notice is left for a case-by-case analysis." *Zashin, Rich, Sutula & Monastra Co., L.P.A. v. Offenberg*, 90 Ohio App.3d 436, 443, 629 N.E.2d 1057 (8th Dist.1993).

{¶ 11} Civ.R. 75 applies to divorce proceedings and section (L) of that rule provides the following with regard to notice:

Notice of Trial. In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial.

{¶ 12} The notice requirement in Civ.R. 75(L) "is designed to provide an unrepresented party with the opportunity to appear at the final hearing should he or she so choose." *Klein v. Cruden*, 2d Dist. Montgomery No. 19952, 2004-Ohio-1479, ¶ 23, citing *Somerset v. Somerset*, 2d Dist. Montgomery No. 14419, 1995 WL 127891 (Mar. 22, 1995). The requirement is mandatory and a trial court commits reversible error by

entering judgment without first providing proper notice. *Hightower v. Hightower*, 10th Dist. Franklin No. 02AP-37, 2002-Ohio-5488, ¶16.

{¶ 13} Civ.R. 3(A), which is applicable to divorce actions, *see* Civ.R. 75(A), provides in pertinent part that "a civil action is commenced by filing a complaint with the court if service is obtained within one year from such filing upon a named defendant * * *." Therefore, "[u]nder Civ.R. 3(A), an action is not deemed to be 'commenced' unless service of process is obtained within one year from the date of the filing of the action." *Jacobs v. Szakal*, 9th Dist. Summit No. 22219, 2005-Ohio-2146, ¶ 10. Where service of process is not properly made, a court lacks jurisdiction to consider the complaint. (Citations omitted.) *Lewis v. Moore*, 2017-Ohio-4049, ___ N.E.3d ___, ¶ 9 (10th Dist.).

{¶ 14} In this case, the divorce action was not commenced until Higgins was served with the complaint and summons at the Milton Potsdam Road address on February 13, 2017. Before this, the trial court was without jurisdiction to take any substantive action regarding the case. Upon commencement of the case, Higgins's last known address was at Milton Potsdam Road. Civ.R. 75(L) required notice of the final hearing date to be sent to that address, but the record indicates a notice was never mailed there. The final hearing, therefore, occurred without the requisite notice being sent to Higgins in violation of Civ.R. 75(L).

{¶ 15} The trial court also violated Civ.R. 75(K), which provides as follows:

Hearing. No action for divorce, annulment, or legal separation may be heard and decided until the expiration of forty-two days after the service of process or twenty-eight days after the last publication of notice of the complaint, and no action for divorce, annulment, or legal separation shall be heard and

decided earlier than twenty-eight days after the service of a counterclaim, which under this rule may be designated a cross-complaint, unless the plaintiff files a written waiver of the twenty-eight day period.

**{¶ 16}** "[T]he 42-day rule under Civ.R. 75(K) is based on Ohio's now-repealed statutory 'cooling-off' period between filing and hearing in divorce cases." *Crawford v. Fisher*, 10th Dist. Franklin No. 14AP-366, 2015-Ohio-114, ¶ 14, citing *Clark v. Clark*, 5th Dist. Fairfield No. 06 CA 8, 2006-Ohio-2902, ¶ 7, citing former G.C. 11985 and former R.C. 3105.09. The rule is procedural rather than substantive in nature. *Wagner v. Wagner*, 2d Dist. Miami No. 81-CA-1, 1981 WL 2845, *2 (July 1, 1981). *Accord Howell v. Howell*, 10th Dist. Franklin No. 13AP-961, 2014-Ohio-2915, ¶ 11-12. Accordingly, any error in complying with the rule renders a judgment of divorce voidable. *Howell* at ¶ 12.

**{¶ 17}** Here, Higgins was served with process on February 13, 2017, and the final divorce hearing was held 29 days later on March 14, 2017. Therefore, the trial court failed to comply with the 42-day rule in Civ.R. 75(K) as well as failing to provide Higgins with notice of the final hearing as required by Civ.R. 75(L).

**{¶ 18}** Moreover, since Civ.R. 75(F) provides that the default judgment rule in Civ.R. 55 does not apply to divorce proceedings, Higgins was still permitted to appear at the final divorce hearing and present evidence despite his failure to answer the divorce complaint or otherwise appear in the action within 28 days of being served. *See Rue v. Rue*, 169 Ohio App.3d 160, 862 N.E.2d 166, 2006-Ohio-5131, ¶ 63 (2d Dist.); *Wood v. Hein*, 10th Dist. Franklin No. 14AP-382, 2014-Ohio-5564, ¶ 8. Therefore, if Higgins had appeared for the final divorce hearing, his failure to answer the complaint would not have barred his participation. However, Higgins claims that he did not appear at the hearing

due to lack of notice, which is supported by the record of the mailings in this case.

**{¶ 19}** Having found that notice of the final divorce hearing was never mailed to Higgins's last known address as required by Civ.R. 75(L), and that the final divorce hearing was not held in compliance with the 42-day rule in Civ.R. 75(K), Higgins's sole assignment of error is sustained.

## Conclusion

**{¶ 20}** The judgment of the trial court is reversed and the matter is remanded for a new hearing.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Kyle J. Lennen
Richard P. Arthur
Hon. Jonathan P. Hein