[Cite as *Moore v. Moore*, 2021-Ohio-4010.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANDREA MOORE,                                 :

    Plaintiff-Appellee,               :

                                    No. 109999

    v.                                        :

GREGORY MOORE,                                :

    Defendant-Appellant.              :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED; REMANDED
**RELEASED AND JOURNALIZED:** November 10, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-379478

---

*Appearances:*

Kohrman Jackson & Krantz L.L.P., and John D. Ramsey,
*for appellee.*

J.Y. Scott Law, L.L.C., and Jennifer J. Scott; Susan M.
Oates, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Gregory Moore ("Husband") appeals the judgment of the trial court and contends that the trial court erred by holding an uncontested trial when he was not sent appropriate notice and by entering an inequitable division of marital property. Andrea Moore points to a single entry stating that service was issued.

Admittedly, on the public access docket, there is a notation of 08/06/2020 — "HEARING SCHEDULED. NOTICE(S) SENT." However, the certified record from the Cuyahoga County Clerk of Courts does not include this entry. The record from the trial court clerk is so deficient that a presumption of regularity is inappropriate. Accordingly, we vacate the judgment of the trial court and remand this matter for further proceedings.

## I.  Factual and Procedural Background

{¶ 2} On December 6, 2019, Andrea M. Moore filed an action for divorce in the Cuyahoga County Court of Common Pleas Domestic Relations Division. The docket shows that Husband was served on December 14, 2019 via the U.S. Postal Service. No answer was filed to the complaint. On August 5, 2020, the case was set for an uncontested trial on September 2, 2020. An August 6, 2020 journal entry on the public docket states: "Hearing Scheduled, Notice(s) Sent[.]"

{¶ 3} The trial court issued a final decree of divorce on September 3, 2020. Husband appealed this judgment and assigned two errors for our review.

## II.  Law and Analysis

> Assignment of Error I:  The trial court erred and the appellant was denied due process when the trial court failed to properly serve a pro se party notice of the final hearing in the divorce proceeding.

{¶ 4} In this assignment of error, Husband contends that the judgment of the trial court must be reversed because the docket does not indicate that the notice issued on August 6, 2020 was sent via ordinary mail as required by Civ.R. 75(L).

{¶ 5} The rule provides:

> In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial.

Civ.R. 75(L).

{¶ 6} Civ.R. 75(L)'s requirement that courts must provide notice to pro se parties via regular mail "is mandatory[,] and a trial court commits reversible error by entering judgment without first providing proper notice." *Shell v. Higgins*, 2d Dist. Darke No. 2017-CA-5, 2017-Ohio-8186, ¶ 12, citing *Hightower v. Hightower*, 10th Dist. Franklin No. 02AP-37, 2002-Ohio-5488, ¶ 16. In *Shell*, the Second District reversed a divorce decree and remanded for a new trial in part because the trial court did not mail the pro se defendant notice of the hearing to the correct address. *Shell* at ¶ 14, 20. The Second District also explained that, pursuant to Civ.R. 75(F), the default judgment rule does not apply to divorce proceedings and defendants may present evidence at a final divorce hearing even if they fail to answer the divorce complaint. *Id.* at ¶ 18. Therefore, if he received proper notice, husband would have been able to present evidence at the trial even though he failed to answer the complaint. *Id.*

{¶ 7} The public electronic docket and both appellate briefs reference an August 6, 2020 entry which provides "Hearing Scheduled, Notice(s) Sent[.]" However, no such entry is within the certified record provided by the clerk. Indeed, a significant number of the entries described in the briefs and public docket are not included in the certified record provided to this court notwithstanding a significant

number of entries described by both the appellant and the appellee prior to the September 2, 2020 hearing. The certified record includes no entries whatsoever between March 11, 2020 and September 3, 2020. For whatever reason, the certified copy of the docket wholly fails to document the events immediately preceding the final judgment in this case.

{¶ 8} We must reverse a court of record where the lack of record prevents effective judicial review. *See Vang v. Cleveland*, 8th Dist. Cuyahoga No. 104994, 2017-Ohio-4187, ¶ 13 (lack of record prevented "meaningful review"); *Wayne Cty. Sheriff v. Ohio Patrolmen's Benevolent Assn.*, 9th Dist. Wayne No. 10CA0036, 2011-Ohio-2707, ¶ 11 ("The lack of a written record in this case precluded effective judicial review."). Here, during the critical period of the case below, the certified record is entirely devoid of any entries at all.

{¶ 9} Our review is limited to the record as defined in App.R. 9. *Pollock v. Trustar Funding, L.L.C.*, 8th Dist. Cuyahoga Nos. 107355 and 107679, 2019-Ohio-3272, ¶ 46. Pursuant to App.R. 9(A)(1), our record on appeal consists of (1) the "original papers and exhibits thereto filed in the trial court," (2) "the transcript of proceedings, if any," and (3) "a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" The trial court's public docket contains the docket entry notation on August 6, 2020. However, no docket entries, journal entries, or written notices are included in the certified copy of the docket and journal entries prepared by the clerk of court between March 11, 2020 and September 3,

2020. Therefore, the "August 6, 2020 journal entry" is not part of our record on appeal, and we cannot rely upon it here.

{¶ 10} This court remanded this case to the trial court on September 14, 2021 to adjudicate a pending motion to vacate judgment for which the trial court entered judgment, with dispatch, and the clerk then supplemented the record on September 22, 2021. However, the additional materials concern events that took place below after the notice of appeal and are not within the assigned errors nor has counsel filed an appeal of that decision. Accordingly, this court is without jurisdiction to consider those filings.

{¶ 11} We sustain appellant's first assignment of error and remand this matter for retrial.

> Assignment of Error II: The trial court erred by issuing a final decree of divorce without a just and equitable division of the marital estate.

{¶ 12} Our resolution of the first assignment of error renders this assignment of error moot.

{¶ 13} This judgment is vacated and the case is remanded to the lower court for further proceedings consistent with this opinion.

Each party to bear their own costs.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE ATTACHED OPINION

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 14} I concur in judgment only with the majority opinion. Under the limited circumstances of this case in which notice is a contested issue, I am constrained to agree that we cannot presume regularity when the certified record prepared by the Cuyahoga County Clerk of Courts fails to show notice of the final divorce hearing was issued to an unrepresented party in accordance with Civ.R. 75(L). Although there are many instances when the court or parties refer to the public docket, in this case the record on appeal must reflect notice was sent to satisfy due process.

{¶ 15} "Ohio courts have traditionally held that some form of notice of a trial date is required to satisfy due process." *Sanders v. Blue*, 8th Dist. Cuyahoga No. 102447, 2015-Ohio-4376, ¶ 14, citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hospital Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986). In *Sanders*, following a hearing at which a pro se defendant failed to appear, the defendant objected and complained that he "was not sent or given service notification of the

trial date[,]" and the trial court vacated the judgment. *Id.* at ¶ 4, 15. Although a summary of the docket entries provided on appeal indicated notice was issued, the entry itself and further additional records as to the mailing of notice of the hearing were not provided on appeal or a part of the record presented. *Id.* As a result, this court presumed regularity in the lower court's conclusion that proper advance notice was "not provided." *Id.* at ¶ 15.

{¶ 16} In this case, the certified record fails to show notice of the final hearing was provided, and at the time this appeal was filed, no ruling had been made on appellant's motion to vacate. There is nothing in the record from which to presume any regularity. It also is recognized that when this matter was returned to the trial court, the trial court promptly ruled on matters, which are not before us, and returned the case to the appellate court. This is a clerk problem, not a trial judge problem. It is the clerk who compiled and certified the record for appellate review in this matter in accordance with App.R. 9(A).

{¶ 17} Under the circumstances of this case, because the record on appeal fails to indicate that husband had reasonable notice of the hearing date sufficient to satisfy minimal due process, I agree the judgment of the trial court should be vacated.