[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Moises Duran appeals from a small claims judgment in favor of America Smith in the amount of $101.64.
 {¶ 2} Smith sued Duran in small claims court for $2,900.00. Smith sought $2,000.00 for intentional infliction of emotional distress and $900.00 which represented a $450.00 rental deposit and $450.00 for the first month's rent on a Trotwood apartment.
 {¶ 3} The trial court — "after due consideration of all the evidence" — rendered judgment for Smith for $101.64.
 {¶ 4} Duran appealed, and his appellate brief explains why he thinks the judgment was improper.
 {¶ 5} "BACKGROUND: Appellee (Smith) entered into a one (1) year lease agreement on June 4, 2004 with the Appellant (Duran) beginning on June 2, 2004 until May 31, 2005. She paid a security deposit of $450.00 plus first month's lease of $450.00 or a total of $900.00 on June 2, 2004. Shortly after, she received a letter from her mortgage company that there is no timeframe for her to move out of her foreclosed house, she then called the Appellant and informed me that she is not moving in and is terminating the lease. The apartment was re-rented on July 8, 2004 and received pro-rated rent for the month of July, 2004 for $348.36 from the new tenant, Betty Marshall who is a Section 8 (DMHA) tenant. The new tenant paid $280.32 while Section 8 paid $68.00 short by $0.06 for a total of $348.32 rent received for July, 2004. The difference of $101.64 ($450.00 lease less $348.36) was the amount deducted from the security deposit of the Appellee which is the pro-rated rent for July, 2004. In summary, per my letter to the Plaintiff (Smith) dated July 16, 2004 is as follows:
 {¶ 6} "Security Deposit and first month's lease prepayment $900.00
 {¶ 7} "Less: June, 2004 lease payment (450.00)
 {¶ 8} "July 1-7, 2004 lease ($450.00 — 31 days x 7 days) (101.64)
 {¶ 9} "Balance due to Plaintiff (Paid per check no. 2944 7/16/04) $348.36
 {¶ 10} "SMALL CLAIMS FILED BY PLAINTIFF TO DEFENDANT: Plaintiff sued to recover the full $900.00 she paid the Defendant plus $2,000.00 for mental and emotional stress for a total of $2,900.00 for not recovering the full $900.00 she paid.
 {¶ 11} "DECISION AND ORDER FROM AREA ONE COURT: Plaintiff was awarded to recover from the Defendant $101.64 with interest and costs.
 {¶ 12} "APPELLANT ARGUMENT FOR THE APPEAL: The $101.64 amount awarded to the Plaintiff was a mistake due to the fact that it was a legitimate rent due to the Defendant (Duran) as a result of early termination of the lease. The same amount was not collected from the new tenant who only paid rent for the period July 8-31, 2004. There was no double payment of rent for the same period from the previous and the new tenant. Honorable Judge Connie S. Price must have assumed that the lease for July, 2004 was not pro-rated and the Defendant was double compensated for the same week in question. If the amount was legally and rightfully deducted from the security deposit just like the June, 2004 rent prepaid of $450.00 was allowed by the Judge, the Appellant prays for a reversal of the lower court decision granting the Appellee the $101.64 rightfully deducted from her prepaid security deposit. Early termination of lease has consequences and the amount deducted was fair and lawful price to pay as a consequence of her action of early termination of the one (1) year lease agreement."
 {¶ 13} Smith's response does not directly address Duran's contentions.
 {¶ 14} The trial court's decision and order furnishes no insight into how it arrived at the judgment or amount thereof. We are hampered in our review of this appeal by the absence of the trial transcript in any form, which it was Duran's obligation to furnish. Under these circumstances, we are constrained to resort to the presumption of regularity, which essentially provides that in the absence of an adequate record, a reviewing court will presume there was evidence to support the trial court's judgment.
 {¶ 15} We are confident that application of the presumption is appropriate in this case.
 {¶ 16} It is clear that Duran is claiming that he rightfully charged Smith for the first week of July because the successor tenant, Ms. Marshall, commenced her tenancy July 8 and was only charged with rent from that date forward.
 {¶ 17} In her statement of claim, Smith alleged in part that Duran agreed to have the apartment cleaned prior to Smith's occupancy. She further claimed that when she went to occupy the apartment June 5, the apartment was in an unclean condition and that Duran had left a note saying he would return June 7 to "fix a few minor things, two screen windows, and the cabinet drawer." This note is marked Plaintiff's Exhibit 2 and is contained in the trial court record.
 {¶ 18} Although we are speculating, we think that Smith likely persuaded the trial court that Duran could not have fulfilled his agreement to clean the apartment prior to Smith's occupancy until at least June 7, and that the $450.00 that Duran kept as the June rent should, therefore, also cover the first week of July.
 {¶ 19} Regardless of the accuracy of this speculation, we rely upon the presumption of regularity — necessitated by Duran's failure to furnish an adequate record — in affirming the trial court's judgment.
 {¶ 20} The judgment will be affirmed.
Fain, J. and Donovan, J., concur.