[Cite as *Cole v. Appleton Papers, Inc.*, 2013-Ohio-3756.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

RALPH COLE, JR.                                      :

    Plaintiff-Appellant                        :          C.A. CASE NO.     25674

v.                                                   :          T.C. NO.     12CV2168
                                                                              12CV2176
APPLETON PAPERS, INC., et al.                        :          (Civil appeal from
                                                                 Common Pleas Court)
    Defendants-Appellees                       :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____30th_____ day of _____August_____, 2013.

. . . . . . . . . .

RALPH COLE, JR., 3110 Grand Avenue, Middletown, Ohio 45044
    Plaintiff-Appellant

DAVID C. KORTE, Atty. Reg. No. 0019382 and MICHELLE D. BACH, Atty. Reg. No.
0065313 and JOSHUA R. LOUNSBURY, Atty. Reg. No. 0078175, 33 West First Street,
Suite 600, Dayton, Ohio 45402
    Attorneys for Defendant-Appellee Appleton Papers, Inc.

CHERYL NESTER, Atty. Reg. No. 0013264, 150 E. Gay Street, 22nd Floor, Columbus,
Ohio 43215
    Attorney for Defendant-Appellee Administrator, Bureau of Workers' Compensation

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Ralph Cole, Jr., appeals from a judgment of the Montgomery County Court of Common Pleas, which entered judgment in favor of Appleton Papers, Inc. on Cole's workers' compensation claims.  For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}  According to Cole's complaints, in September 1999, Cole was injured in the course of and arising out of his employment with Appleton Papers while he was "lifting/pulling shafts from rolls from a paper winder and tried to break them apart."  Cole filed a claim with the Bureau of Workers' Compensation, and a claim was allowed for the conditions of left wrist sprain, left shoulder sprain, lumbar region sprain, and contusion of the right hand.

{¶ 3}  In October 2008, Cole filed a C-86 motion with the BWC, seeking to amend his claim to include the additional conditions of right shoulder strain and neck strain.  After a hearing, the motion was denied.  In August 2009, Cole filed a second C-86 motion seeking to have his claim amended to include the additional conditions of disc protrusion C3-4, cervical foraminal stenosis C3-4, disc protrusion with annular tear at L4-L5, disc protrusion L5-S1, aggravation of pre-existing spinal stenosis, and aggravation of pre-existing lumbar spondylolisthesis.  This motion was also disallowed after a hearing.  Cole's administrative appeals of those decisions were unsuccessful.  Cole appealed both decisions to the common pleas court.

{¶ 4}  In October 2012, Appleton Papers moved for partial summary judgment. The company argued that Cole's requests to participate in the Workers' Compensation Fund for the conditions of right shoulder strain, neck strain, disc protrusion C3-4, cervical

foraminal stenosis C3-4, and substantial aggravation of pre-existing cervical spondylosis were barred by the two-year statute of limitations. (Appleton Papers did not seek summary judgment on Cole's additional claims for lower back conditions.) Appleton Papers argued that Cole did not report the injuries to his right shoulder or neck until 2008. On December 31, 2012, the trial court concluded that Cole failed to provide notice of the neck and right shoulder injuries within the two-year limitations period and that the company did not waive the notice requirement, but that issues of fact existed as to whether the company waived the statute of limitations defense at the administrative level.

{¶ 5} A bench trial was held on January 29, 2013. The appellate record does not contain a transcript of the trial. However, the trial court's verdict entry reflects that Cole testified on his own behalf and presented the testimony of Dr. Peter J. Fagerland, that Appleton Papers presented the testimony of Dr. Steven S. Wunder, and that both parties presented exhibits, including medical records. At the conclusion of the bench trial, the trial court orally ruled that Cole was not entitled to participate in the Ohio Workers' Compensation Fund for the conditions of "disc protrusion with annular tear at L4-L5, disc protrusion L5-S1, aggravation of pre-existing spinal stenosis, and aggravation of pre-existing lumbar spondylolisthesis."

{¶ 6} On February 12, 2013, the trial court entered judgment in favor of Appleton Papers. The trial court's written judgment entry reiterated its oral pronouncement at trial. It further granted Appleton Papers' previously filed motion for partial summary judgment on Cole's request to participate in the Ohio Workers' Compensation Fund for "right shoulder strain, neck strain, disc protrusion C3-4, cervical foraminal stenosis C3-4, and aggravation of

pre-existing cervical spondylosis," on the ground that Cole's request was barred by the statute of limitations, and entered judgment to Appleton Papers on those claims. The trial court ordered certain expenses to be refunded from the State Surplus Fund, and it assessed costs to Cole.

{¶ 7} Cole appeals from the trial court's judgment.

{¶ 8} In his appellate brief, Cole describes various injuries that he allegedly received during his employment with Appleton Papers and the alleged unwillingness of human resources personnel and the union to assist him with workers' compensation claims. Cole asserts that there "are numerous incidents with this case" and that "lawyers don't want to fight it."

{¶ 9} However, Cole's appellate brief does not include any assignment of error, as required by App.R. 16(A). App.R. 16(A)(3) states that an appellate brief must contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Cole is proceeding pro se. Nevertheless, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Preston v. Shutway*, 2d Dist. Champaign No.2012 CA 24, 2013-Ohio-185, ¶ 12.

{¶ 10} Even if we were to infer that Cole is challenging the trial court's conclusion that he was not entitled to workers' compensation for his claims, Cole also has not provided a transcript of the trial. Under App.R. 9(B), the appellant has the duty to provide a transcript for appellate review. Absent a written transcript, we cannot speculate what the testimony at trial was and therefore have no basis from which we can review any alleged

legal error by the trial court. Rather, we are constrained to presume the regularity of the trial court's proceedings and that the evidence before the trial court supported the trial court's judgment. *Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Ralph Cole, Jr.
David C. Korte
Michelle D. Bach
Joshua R. Lounsbury
Cheryl Nester
Hon. Timothy N. O'Connell

Case Name:        *Ralph Cole, Jr. v. Appleton Papers, Inc., et al.*
Case No.:         Montgomery App. No. 25674
Panel:       Fain, Donovan, Froelich
Author:           Jeffrey E. Froelich
Summary: