[Cite as *Potter v. Johnson*, 2016-Ohio-5652.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| AMANDA POTTER | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-101 |
| | : | |
| v. | : | T.C. NO. 15DP765 |
| | : | |
| WILLIAM JOHNSON | : | (Civil Appeal from Common |
| | : | Pleas Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___2nd___ day of _____September_____, 2016.

. . . . . . . . . .

AMANDA POTTER, Springfield, Ohio
        Plaintiff-Appellee

WILLIAM JOHNSON, Inmate #720843, North Central Correctional Institute, 670 Marion
Williamsport Road, P. O. Box 1812, Marion, Ohio 43301
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} William Johnson, pro se, appeals from a judgment of the Clark County Court

of Common Pleas, which issued a domestic violence civil protection order (CPO) to

Amanda Potter.

{¶ 2} On September 25, 2015, Potter filed a petition for a domestic violence CPO.

According to her petition, she and Johnson had a romantic relationship that had recently ended. She stated that she had ended the relationship because Johnson was very controlling regarding what she wore and where she went. Potter stated that Johnson had told her that he would kill himself if she left him. She also indicated that, in the past, he had assaulted her. Potter stated that, during a past argument, Johnson had come close to hitting her, although he said that he does not hit women. On September 23, 2015, Johnson had come to her school and left a note on her van regarding her leaving him. Potter alleged that Johnson's behavior was escalating and that she feared that "if I don't get this order he may kill me." Potter indicated that Johnson had a prior conviction for domestic violence.

{¶ 3} After an ex parte hearing, a magistrate issued an ex parte domestic violence CPO and scheduled a hearing for October 9, 2015. Johnson was served with the order and hearing notice, by personal service at his residence, on October 1, 2015.

{¶ 4} A hearing was held before a magistrate on October 9, 2015, as scheduled. Johnson did not appear. The same day, the magistrate issued a domestic violence CPO to Potter. The order contained findings of fact, which read: "Amanda Potter testified that she believes William Johnson poses an imminent threat to her safety. William Johnson failed to appear for the hearing." The trial court also signed the order.

{¶ 5} On October 14, prior to the journalization and service of the domestic violence CPO, Johnson faxed and mailed a letter (postmarked October 14) to the clerk of courts. The fax cover page and the envelope for the original document both indicated that Johnson was at the Ross Heart Hospital of The Ohio State University Medical Center. In his letter (which was apparently transcribed for him by another individual), Johnson

asked the trial court to forgive his absence at the hearing due to his incarceration at the Tricounty Jail and for the CPO "to be dropped." He explained that his prior domestic violence concerned an incident in which he had shoved his intoxicated brother out of his (Johnson's) house. Johnson stated that he had never "placed [his] hands on a woman" and that Potter's claims were in retaliation for a felony theft charge that he had pressed against her. Johnson asserted that Potter's allegations were false and unwarranted, and that he had many witnesses that he could present on his behalf. He asked the trial court to postpone the hearing.

{¶ 6} On October 16, 2015, the trial court's order was filed and journalized, and copies were served on the parties. The clerk of court filed Johnson's letter on October 19, 2015. We cannot discern from the record whether the trial court was aware of Johnson's correspondence prior to its being filed by the clerk on October 19 and, in particular, prior to the filing and journalization of the trial court's order on October 16. The trial court did not issue any ruling in response to Johnson's letter.

{¶ 7} On November 9, 2015, Johnson appealed from the October 9, 2015 order. Although Johnson's appellate brief does not contain assignments of error, he claims that the CPO should be dismissed, because Potter was untruthful in her allegations against him. This could be characterized as an argument that the trial court's order was contrary to the weight of the evidence.

{¶ 8} Under App.R. 9(B), the appellant has the duty to provide relevant transcripts for appellate review. Here, it is apparent from the October 9, 2015 order that a hearing was held on that same day, during which Potter testified. However, no transcript of that hearing has been provided. As a result, we do not know what evidence Potter presented

to the magistrate, including the details of Potter's testimony.

**{¶ 9}** Absent a written transcript, we cannot speculate what the testimony at a hearing was, and therefore we have no basis from which we can review any alleged legal error by the trial court. Rather, we are constrained to presume the regularity of the trial court's proceedings and that the evidence before the trial court supported the trial court's judgment. *Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14.

**{¶ 10}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Amanda Potter
William Johnson
Hon. Thomas J. Capper