[Cite as *Sammons v. Sammons*, 2019-Ohio-1378.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| HANNELORE D. SAMMONS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28168 |
| | : | |
| v. | : | Trial Court Case No. 2018-DR-694 |
| | : | |
| JUSTIN L. SAMMONS | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of April, 2019.

. . . . . . . . . . .

AMY R. BLAIR, Atty. Reg. No. 0073760, 40 North Main Street, Suite 2160, Dayton, Ohio
45423
        Attorney for Plaintiff-Appellee

JUSTIN L. SAMMONS, 2152 Lehigh Place, Dayton, Ohio 45439
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Hannelore Sammons (Hannelore) was granted a non-contested divorce from her husband, Justin Sammons (Justin). In his pro-se appeal, Justin complains that he did not receive notice of the divorce hearing, that the divorce decree references "accounts and bills" that were unknown to him, and that Hannelore received "complete custody of our daughter." The record reflects that the trial court, using regular mail, sent Justin notice of the non-contested divorce hearing to his last known address. Further, since Justin did not file a transcript of the divorce hearing, there is no basis upon which to review any asserted error. Thus, the trial court's judgment will be affirmed.

### Facts and Procedural History

{¶ 2} On July 26, 2018, Hannelore filed a divorce complaint. The complaint and summons were personally served upon Justin on July 28, 2018. The summons informed Justin of his obligation to file an answer to the complaint within 28 days of July 28. On July 31, 2018, the trial court scheduled a non-contested divorce hearing on September 12, 2018. The scheduling notice was mailed to Justin at the address for him set forth in the divorce complaint. The notice stated that if "an answer or other responsive pleading is filed by [Justin] * * * the case will be taken off the non-contested hearing docket and will be set for a pre-trial and trial."

{¶ 3} Justin did not file an answer or other responsive pleading. As a result, a non-contested divorce hearing was conducted on September 12, 2018, and the trial court filed a Final Judgment and Decree of Divorce on September 13, 2018. This appeal followed, but Justin has not caused a transcript of the September 12 hearing to be

prepared, as required by App.R. 9(B)(1).

## Analysis

{¶ 4} Justin's appellate brief states in relevant part as follows:

3: Statement of errors

I did not receive notice in the mail of when our court date was. I don't know if it was lost in the mail or removed from [sic] someone else. I cannot prove any tampering so that's only stipulation [sic].

4: Statement of issues

Since I did not know about my court date, my divorce went uncontested. As I look over the final ruling there are accounts and bills that I was completely unaware of. Most importantly my ex has got complete custody of my daughter.

5: Statement of case

I would like to reevaluate how our bills and debt has been distributed. More importantly I wish to see my daughter far more often than she allows me to.

6: Statement of facts relevant to case

With me not showing up to court it went uncontested, which I would not have agreed to any of what was ruled with.

7: Argument

I want to be given what is fair to me. Most importantly to me is custody of my daughter. I was only given supervised visitation with my daughter for 2 hours on 2 days of the week and there is no reason why I should be limited

to that.  My ex also has also cancelled those visits on multiple times and told me that since she is the guardian that she can do what she wants and I have no say in seeing her.

8: [C]onclusion

I'm not asking for much and not trying to make things unfair.  I just want to be left equal between debt and big of a part [sic] I get to play in my child's life.  Thank you.

{¶ 5} Justin's initial issue is that he did not receive notice of the September 12 non-contested divorce hearing.  This assertion implicates Civ.R. 75(L), which states:

In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits.  The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial.

The Civ.R. 75(L) notice "is designed to provide an unrepresented party with the opportunity to appear at the final hearing should he or she so choose."  *Shell v. Higgins*, 2d Dist. Darke No. 2017-CA-5, 2017-Ohio-8186, ¶ 12, quoting *Klein v. Cruden*, 2d Dist. Montgomery No. 19952, 2004-Ohio-1479, ¶ 23, citing *Somerset v. Somerset*, 2d Dist. Montgomery No. 14419, 1995 WL 127891 (Mar. 22, 1995).  The Civ.R. 75(L) notice requirement is "mandatory and a trial court commits reversible error by entering [a final judgment and decree of divorce] without first providing [the required] notice."  *Id.*, citing *Hightower v. Hightower*, 10th Dist. Franklin No. 02AP-37, 2002-Ohio-5488, ¶ 16.

{¶ 6} As previously noted, the record reflects that on July 31, 2018, the trial court

mailed Justin the Civ.R. 75(L) notice of the non-contested hearing to the address set forth in the complaint. Justin, notably, does not assert that this was an incorrect address; he instead asserts he did not receive notice, stating that he does not "know if [the notice] was lost in the mail" or if some type of "tampering" occurred. The trial court, nonetheless, complied with the Civ.R. 75(L) mandate by mailing Justin a notice of the non-contested hearing to his last known address. We therefore reject Justin's assertion of error regarding his purported failure to receive notice of the non-contested hearing date.

{¶ 7} Additionally, Justin complains that the divorce decree does not fairly allocate the parties' debt and that the decree does not provide him with sufficient parenting time. As noted, however, Justin did not have a transcript of the hearing prepared and filed, as required by App.R. 9(B)(1). Without a written transcript, we "cannot speculate [concerning] what evidence was presented at [the non-contested divorce hearing], and therefore we have no basis [upon] which [to] review any alleged legal error * * *." We are instead "constrained to presume the regularity of the trial court's [proceeding] and that the evidence [supported] the trial court's judgment." *Payne v. Payne*, 2d Dist. Montgomery No. 27584, 2017-Ohio-8912, ¶ 7, citing *Potter v. Johnson*, 2d Dist. Clark No. 2015-CA-101, 2016-Ohio-5652, ¶ 8-9, citing *Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14. Given this presumption of regularity, we have no basis to disturb the divorce decree's pronouncements regarding Justin's parenting time or the debt allocation.

## Conclusion

{¶ 8} Having found that Justin was mailed the required Civ.R. 75(L) notice and that

we must presume the regularity of the non-contested divorce hearing, the trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Amy R. Blair
Justin L. Sammons
Hon. Denise L. Cross