[Cite as *Farley v. McKenzie*, 2022-Ohio-281.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BRITTANY FARLEY | : | |
| | : | |
| Petitioner-Appellee | : | Appellate Case No. 29217 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-2381 |
| | : | |
| AUTUMN MCKENZIE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of February, 2022.

. . . . . . . . . . .

BRITTANY FARLEY, Atty. Reg. No. 0069384, 1950 Bohemian Avenue, Dayton, Ohio
45406
 Petitioner-Appellee, Pro Se

AUTUMN MCKENZIE, 4100 Brandt Meadows Drive, Dayton, Ohio 45404
 Respondent-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Autumn McKenzie, appeals from the trial court's issuance of a civil stalking protection order to appellee, Brittany Farley. Because McKenzie has not caused a transcript of the proceedings to be filed, we must presume the regularity and correctness of the trial court's order, and the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} On June 14, 2021, Farley filed a petition seeking a civil stalking protection order (CSPO) under R.C. 2903.214. On the same date, the trial court issued an ex parte CSPO. Generally speaking, the ex parte order prohibited McKenzie from having any contact with Farley, her husband, and her children. The ex parte order scheduled a "full hearing" on the petition for July 6, 2021. McKenzie was personally served with the ex parte order on June 15, 2021.

{¶ 3} On July 7, 2021, following the hearing, the trial court filed a CSPO under R.C. 2903.214. The July 7 order set forth the following rationale for its issuance:

The Court finds by a preponderance of the evidence that 1) [McKenzie] has knowingly engaged in a pattern of conduct that caused [Farley] to believe that [McKenzie] will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

The order prevented McKenzie from having any contact with Farley, her husband, and her children. The order remains in effect until July 6, 2023. McKenzie was personally served with the order on July 7, 2021.

{¶ 4} On July 12, 2021, McKenzie filed a "motion" contesting the July 7 protection

order. The trial court scheduled a hearing on the motion for August 4, 2021. On August 5, the trial court issued a decision stating the following: "For the reasons the Court placed on the record on August 4, 2021, the Court overrules [McKenzie's] 'Motion to Modify' filed on 7/12/21." This appeal followed.

{¶ 5} As noted, McKenzie has not caused a transcript of the full hearing or the motion to modify hearing to be filed in support of her appeal, as required by App.R. 9(B)(2).

## Analysis

{¶ 6} Without a written transcript, we "cannot speculate" concerning what evidence was presented at the full hearing or the modification hearing, and "therefore we have no basis [upon] which [to] review any alleged legal error * * *." Instead, we are "constrained to presume the regularity of the trial court [proceedings] and that the evidence [supported] the trial court's judgment." *Payne v. Payne*, 2d Dist. Montgomery No. 27584, 2017-Ohio-8912, ¶ 7, citing *Potter v. Johnson*, 2d Dist. Clark No. 2015-CA-101, 2016-Ohio-5652, ¶ 8-9, citing *Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14. Given this presumption of regularity, we have no basis to disturb the July 7, 2021 CSPO or the trial court's August 5, 2021 decision rejecting the motion to modify the protection order.

## Conclusion

{¶ 7} For the stated reasons, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Brittany Farley
Autumn McKenzie
Hon. Dennis J. Langer, Visiting Judge