[Cite as *S.B. v. L.S.*, 2025-Ohio-1681.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| S.B. | : | |
| | : | |
| Appellee | : | C.A. No. 30371 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 05673 |
| | : | |
| L.S. SR. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 9, 2025

. . . . . . . . . . .

L.S., SR., Pro Se Appellant

S.B., Pro Se Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} L.S., Sr., appeals from a judgment of the Montgomery County Court of Common Pleas, which issued a civil stalking protection order (CSPO) against him after a full hearing. For the following reasons, the trial court's judgment will be affirmed.

**I. Procedural History**

{¶ 2} On November 1, 2024, S.B. sought a CSPO against L.S., his brother-in-law, claiming that L.S. had made multiple threats to harm or kill him. S.B. indicated that a threatening encounter had occurred at Walgreens and that L.S. had made threats orally and on Facebook. S.B. believed that L.S. was "on a mission" to harass, intimidate, and threaten him. S.B. asked for and received an ex parte CSPO, which indicated that a full hearing would be held before a magistrate on November 12, 2024. S.B. requested several continuances, and the hearing was ultimately scheduled for December 26, 2024.

{¶ 3} Both parties appeared for the full hearing. The same day, the magistrate issued a CSPO, effective until December 31, 2025, with costs to be paid by L.S. The trial court adopted the magistrate's decision four days later. L.S. did not file objections to the magistrate's decision.

{¶ 4} In its factual findings, the CSPO stated that in October 2024, L.S. had threatened S.B. by stating loudly that he "ought to kill you" in a Walgreens store. In addition to his own testimony, S.B. had presented a witness who testified that she heard L.S. make the threat and that his demeanor was hostile. L.S.'s own witness, L.S. II, testified that L.S. had called him and asked him to enter the Walgreens because "Ni**er [meaning S.B.] is here." While in the store, L.S. II overheard L.S. tell S.B. that he would "kill [S.B.'s] ass." In a separate incident also in late October 2024, L.S. threatened to "find a way [to] hurt [S.B.]" The court found that S.B. was afraid of L.S. and that his fear was reasonable.

{¶ 5} L.S. had denied making any of the three threats to S.B. However, in its factual findings, the court found that S.B. and the two witnesses to the Walgreens incident

were credible and that L.S. was not. It concluded that S.B. had established by a preponderance of the evidence that L.S. had knowingly engaged in a pattern of conduct which reasonably caused S.B. to fear physical harm or to have mental distress.

{¶ 6} L.S. appeals from the trial court's order. He has not stated any assignments of error as required by the Ohio Rules of Appellate Procedure, but we infer that he is challenging the issuance of the CSPO as against the manifest weight of the evidence. L.S. also challenges the portion of the judgment requiring him to pay the costs of the action.

## II. Law and Analysis

{¶ 7} On appeal, L.S. again denies that he expressed or posed any type of threat, either physically or verbally, to S.B. He asserts that the encounter at the Walgreens was misrepresented and that S.B.'s witness was not even present. He also states that he has not stalked S.B. and, to the contrary, S.B. "has placed himself in the midst of various mutual locations" because he is L.S.'s brother-in-law. In his appellate brief, L.S. indicates that he is seeking a CSPO against S.B. He asks that we vacate the CSPO that S.B. received and issue a CSPO for him and his wife.

{¶ 8} R.C. 2903.214 provides for the issuance of protection orders for persons who are victims of menacing by stalking. *See Clements v. Brown*, 2022-Ohio-1959, ¶ 8 (2d Dist.). The petitioner may request an ex parte order, and a hearing must be held as soon as possible, but no later than the next day that court is in session after the petition is filed. R.C. 2903.214(D)(1). If an ex parte order is issued, the court generally must schedule a full hearing within 10 days of the ex parte hearing. R.C. 2903.214(D)(2)(a).

{¶ 9} "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 2014-Ohio-4276, ¶ 7 (1st Dist.), citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v); *Florenz v. Omalley*, 2020-Ohio-4487, ¶ 7 (2d Dist.).

{¶ 10} Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a CSPO is a final appealable order. However, prior to filing an appeal, a party must file objections to the trial court's order within 14 days of the filing of the order. Civ.R. 65.1(G); Civ.R. 65.1(F)(3)(d)(i). A party may not challenge the protection order on appeal if objections were not filed. *Florenz* at ¶ 10.

{¶ 11} Here, L.S. failed to file objections to the trial court's adoption of the magistrate's decision granting the CSPO. In the absence of timely objections, he may not challenge the CSPO on appeal.

{¶ 12} Even if we were to consider L.S.'s arguments, we would find no basis to reverse the order. To merit a civil protection order under R.C. 2903.214, "the petitioner need not prove that the respondent intended to cause actual harm to the other person; instead, the evidence must show that the respondent knowingly engaged in a pattern of

conduct that caused the other person to believe that the respondent will cause physical harm or that caused mental distress to the other person." *Stump v. Hoagland*, 2015-Ohio-2434, ¶ 5 (2d Dist.), quoting *Walker v. Edgington*, 2008-Ohio-3478, ¶ 23 (2d Dist.).

**{¶ 13}** In this case, no transcript of the full hearing has been filed, as required by App.R. 9(B). Without a written transcript, we have no record of the evidence presented at the hearing, and we cannot speculate about what was said. In short, we have no basis upon which to review the trial court's factual findings or legal conclusions. *See Daniels v. Dunson*, 2023-Ohio-4686, ¶ 8; *Farley v. McKenzie*, 2022-Ohio-281, ¶ 6 (2d Dist.). Rather, "we are constrained to presume the regularity of the trial court's proceedings and that the evidence before the trial court supported the trial court's judgment." (Citations omitted.) *Payne v. Payne*, 2017-Ohio-8912, ¶ 7 (2d Dist.). Given the limited record before us, we cannot conclude that the trial court erred in issuing the CSPO against L.S. L.S.'s claim that the trial court erred in issuing the CSPO after the full hearing is overruled.

**{¶ 14}** As for the assessment of costs of the action against L.S., the trial court was authorized by statute to order him to pay the court costs. Specifically, R.C. 2903.214(J)(2) reads:

> Regardless of whether a protection order is issued . . . pursuant to this section, the court may assess costs against the respondent in connection with the filing, issuance, registration, modification, enforcement, dismissal, withdrawal, or service of a protection order, consent agreement, or witness subpoena or for obtaining a certified copy of a protection order or consent agreement."

In light of R.C. 2903.214(J)(2), L.S.'s challenge to the assessment of costs is overruled.

### III. Conclusion

{¶ 15} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.